UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL HUNTER,<br><br>    Plaintiff,<br><br>      v.<br><br>DEPUTY ODEGNKO, DEPUTY HOAN, KOOTENIA COUNTY SHERIFF, WALMART, INC.,<br><br>    Defendants. | Case No. 2:19-cv-233<br><br>**INITIAL REVIEW ORDER** |

## INTRODUCTION

The Clerk of Court conditionally filed Plaintiff Michael Hunter's Complaint because of Plaintiff's request to proceed in forma pauperis. Now before the Court are Plaintiff's Application to Proceed Without Payment of Fees (Dkt. 1), Plaintiff's Motion for Temporary Restraining Order (Dkt. 3) and Plaintiff's Amended Complaint (Dkt. 5). Initially, the Court must screen Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2). For the reasons explained below, the Court finds that Plaintiff has not plausibly alleged colorable claims under 42 U.S.C. § 1983, and will therefore dismiss the case, and deny Plaintiff's remaining motions as moot.

## LEGAL STANDARD

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which

relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991)

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## ANALYSIS

Plaintiff Michael Hunter brings a civil rights action under 42 U.S.C. § 1983 to "redress the deprivation" of his First Amendment rights under the color of state law by the Defendants identified as Deputy Odegnko, Deputy Hoan, Kootenai County Sheriff, and Walmart, Inc. Dkt. 5 at 2-3. Mr. Hunter alleges that the Defendants are "using a state law and overbroad [*sic*] to reach and punish his freedom of speech" and that "law requires he can solicit for funds both business [*sic*] and for his own needs." *Id.*; Dkt. 3-1 at 2. The Amended Complaint alleges that Defendants—presumably the two sheriff's deputies named as defendants—"wrote a $61.00 ticket punishment" while he was attempting to "visit to Walmart to pay a $74.00 debt." Dkt. 5 at 4. Plaintiff appears to

include Walmart as a defendant because Walmart "told police for no valid or justified excuse plaintiff was not permitted on property and this was purposed to aid police illegal actions and damaged plaintiff so he could not repair his car." *Id*.

Although Plaintiff filed an Amended Complaint to include the names of the specific sheriff's deputies who issued him the ticket, he has not alleged sufficient facts to state a plausible claim for relief. To state a claim for relief under § 1983 a plaintiff must allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton*, 947 F.2d at 1420. Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

### 1. Defendant Walmart, Inc.

The Court first notes that Mr. Hunter cannot state a claim for relief under § 1983 against Walmart, Inc. Walmart is a private corporation, and Mr. Hunter's Amended Complaint does not allege that Walmart is in any way a state actor. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991) (holding private parties are not generally acting under color of state law). Because Mr. Hunter has not alleged that Defendant Walmart, Inc. acted under color of state law, the Court will dismiss the claims against Walmart.

### 2. Law Enforcement Defendants

Mr. Hunter also names two Kootenai County Sheriff's Deputies and the Kootenai County Sheriff as Defendants. Dkt. 5 at 1. But Mr. Hunter's Amended Complaint fails to state a claim for relief against these Defendants as well. To state a claim for relief under § 1983 for deprivation of a constitutional right, a plaintiff must allege that the Defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). If a plaintiff brings a claim against a supervisor, as the Court assumes Mr. Hunter does against the Sheriff, the plaintiff must allege "the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, the alleged violation of First Amendment rights occurred when Defendants Deputy Odegnko and Deputy Hoan wrote Mr. Hunter a $61.00 ticket sometime in June, 2019. Dkt. 5 at 3-4. "[T]o demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'" *Lacey v. Maricopa Cty.*, 693 F.3d 896, 916 (9th Cir. 2012). Mr. Hunter need not show his "speech was actually inhibited or suppressed" *Id*. Rather, the Court considers "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Id*. Mr. Hunter's Amended Complaint does not allege any facts describing the basis for the ticket, the authority the Defendants

cited in the ticket, or how the ticket burdens Mr. Hunter's First Amendment rights. *Id.* at 4-5. Without more, the Court has no way to evaluate whether the Deputies' actions— whatever they may have been—somehow violated Mr. Hunter's clearly established rights under the First Amendment. Because Mr. Hunter fails to provide the Court with adequate facts to connect the dots between the $61.00 ticket and a burden on this First Amendment rights, the Court will dismiss his Amended Complaint.

### 3. Leave to Amend

Despite the fact Mr. Hunter has failed to state a claim upon which relief may be granted, the Court will not dismiss his Amended Complaint with prejudice. In the Ninth Circuit, "[p]ro se plaintiffs proceeding [in forma pauperis] must . . . be given an opportunity to amend their complaint [prior to dismissal] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)(citation and internal quotations omitted); *cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992)(suggesting that if the complaint's deficiencies could be remedied by amendment, then it may be abuse of discretion to dismiss complaint without granting leave to amend). The plaintiff must also be given some notice of the complaint's deficiencies prior to dismissal. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Accordingly, the Court will dismiss the Amended Complaint with leave to amend.

## ORDER

**IT IS ORDERED:**

1. That Plaintiff's Amended Complaint (Dkt. 5) be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

2. IT IS FURTHER HEREBY ORDERED that based on the dismissal of the Amended Complaint, the Motion to Proceed in Forma Pauperis (Docket No. 1) shall be DENIED as MOOT. Plaintiff's Motion for Temporary Restraining Order (Dkt. 3) will likewise be DENIED as MOOT.

DATED: August 9, 2019

_____
B. Lynn Winmill
U.S. District Court Judge